IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JUAN CARLOS ARVIZU-HERNANDEZ,**

    Petitioner,

v.                                               CIVIL ACTION NO.: 3:23-CV-60 (GROH)

**WARDEN RAY and**
**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER DISMISSING PETITION

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to vacate [1] the Petitioner's conviction and 360-month sentence [2] imposed pursuant to his conviction for possession with intent to import a mixture or substance containing a detectable amount of cocaine, in the Southern District of Florida, case number 1:17-CR-20130. See ECF No. 1.

A case must be dismissed if a petitioner does not allege "enough facts to state a

---

[1] The Petitioner asserts that his petition concerns, "miscarriage of justice; defective indictment, lack of subject matter jurisdiction; separation of power; no federal common law court; no federal grand jury system; no federal indictment; and no Article III for the United States District Court." ECF No. 1 at 1–2. The Court construes these assertions as challenges to the validity of his conviction and sentence.

[2] Following his July 14, 2017, conviction by a jury of possession of five kilograms or more of a mixture or substance containing a detectable amount of cocaine base with the intent to import the cocaine into the United States, the Petitioner was sentenced to a 360-month term of imprisonment on September 29, 2017, although the judgment was not entered until October 16, 2017. S.D. Fla. 1:17-CR-20130, ECF Nos. 99, 146. That sentence was, on July 17, 2019, affirmed by the Court of Appeals for the Eleventh Circuit. S.D. Fla. 1:17-CR-20130, ECF No. 171. The Petitioner's May 21, 2021, motion to vacate was denied on June 28, 2021. ECF Nos. 186, 190.

The Petitioner filed a motion for sentence reduction on December 12, 2023, which was denied on January 12, 2024. ECF Nos. 193, 196.

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings where the prisoner appears *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "saving clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. 465, 143 S. Ct. 1857 (2023), that a petitioner cannot use a

§ 2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358 (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously established by the Fourth Circuit for a petitioner to challenge the legality of his conviction or sentence. See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Because the requirements of the saving clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this Court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner first alleges that he is entitled to relief because: (1) "[t]here is no federal common law court" [ECF No. 1 at 5]; (2) "[t]here is no federal indictment or federal grand jury system for a federal corporation unless it borrows the state grand jury system in violation of doctrine of separation of powers" [Id.]; (3) "[t]the United States District Court is not an Article III [court] who has judicial power to assert or exercise and lack of subject matter jurisdiction" [Id. at 6]; and (4) "Title 28 is State's property only. It is not federal. Also, separation of power such as state's resources from the federal government" [Id.].

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

Because the Petitioner cannot satisfy § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject

matter jurisdiction does not exist, "the only function remaining to the [C]ourt is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction. Therefore, the Petitioner's § 2241 Petition, case number **3:23-CV-60** is **DENIED AND DISMISSED WITHOUT PREJUDICE**. ECF No. 1.

The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket. The Clerk is **FURTHER DIRECTED** to transmit a copy of this Order to the Petitioner, by certified mail, return receipt requested, at his last known address as listed on the docket sheet.

**DATED**: February 5, 2024

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE